**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| AARON HOBBS, | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| vs. | § | |
| | § | **COMPLAINT** |
| FLAGSHIP CREDIT ACCEPTANCE, | § | Jury Trial Demanded |
| LLC, BURNS NATIONAL, LLC, and | § | |
| RYAN PECK DBA SUPERIOR AUTO | § | |
| RECOVERY | § | |
| Defendants. | § | |

**NATURE OF ACTION**

1.     Plaintiff Aaron Hobbs ("Plaintiff" or "Mr. Hobbs"), brings this action against

Defendants, Flagship Credit Acceptance, LLC ("Flagship"), Burns National, LLC ("Burns"), and

Ryan Peck DBA Superior Auto Recovery (Peck) (collectively "Defendants"), pursuant to the

Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., the Texas Uniform

Commercial Code, TEX. BUS. & COM. CODE § 9.101 *et seq.*, Texas Debt Collection Act

("TDCA"), TEX. FIN. CODE § 392.001 *et seq*., and Texas common law.

**JURISDICTION AND VENUE**

2.     This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1367,

and 28 U.S.C. § 1331.

3.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts

and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in

this district, and where Defendants transact business in this district.

**THE FAIR DEBT COLLECTION PRACTICES ACT**

4.     Congress enacted the FDCPA to "eliminate abusive debt collection practices, to

ensure that debt collectors who abstain from such practices are not competitively disadvantaged,

1

and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

5.      To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute [and] proof of one violation is sufficient to support summary judgment for plaintiffs on their federal claim" *Hartman v. Meridian Fin. Servs., Inc.*, 191 F. Supp. 2d 1031, 1046 (W.D. Wis. 2002).

6.      In order to offer the greatest protections to consumers, "the FDCPA is a strict liability statute – a collector 'need not be deliberate, reckless, or even negligent to trigger liability." *Ruth v. Triumph Partnerships*, 577 F.3d 790, 800 (7th Cir. 2009); *see also Anderson v. Credit Bureau Collection Services, Inc.*, 422 Fed. Appx. 534, 539 (7th Cir. 2011) ("This means [Plaintiff] is entitled to sue to enforce [the FDCPA's] provisions, even the "highly technical" ones . . .").

7.      "Because the FDCPA is designed to protect consumers, it is liberally construed in favor of consumers to effect its purpose." *Ramirez v. Apex Fin. Mgmt., LLC*, 567 F. Supp. 2d 1035, 1040 (N.D. Ill. 2008).

8.      "[C]laims against debt collectors under the FDCPA are to be viewed through the eyes of the 'unsophisticated consumer' . . . the standard is low, close to the bottom of the sophistication meter." *Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir. 1996); *see also Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994) ("an unsophisticated consumer standard protects the consumer who is uninformed, naive, or trusting, yet it admits an objective element of reasonableness.").

9.      For the purpose of 15 U.S.C. § 1692f(6), a "debt collector" also includes "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests."  15 U.S.C. § 1692a(6).

10.     The FDCPA prohibits such persons, such as tow operators or repossession companies, from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if there is no present right or intention to take possession of the property. 15 U.S.C. § 1692f(6).

## THE UNIFORM COMMERCIAL CODE

11.     "Article 9 of the UCC is a comprehensive statutory scheme governing the rights and relationships between secured parties, debtors, and third parties."  *McCullough v. Goodrich & Pennington Mortg. Fund, Inc.*, 373 S.C. 43, 53, 644 S.E.2d 43, 49 (2007).

12.     Article 9 serves "to provide a simple and unified structure within which the immense variety of present-day secured financing transactions can go forward with less cost and with greater certainty." *Haas' Estate v. Metro–Goldwyn–Mayer, Inc.*, 617 F.2d 1136, 1140 (5th Cir. 1980).

13.     After a default, the UCC gives secured parties the right to repossess collateral. *See* TEX. BUS. & COM. CODE § 9.609.

14.     There is one restriction, however, which the law imposes upon this right. It must be exercised without provoking a breach of the peace; and, if a secured party finds that it cannot get possession without committing a breach of the peace, it must stay its hand, and resort to the law.  *MBank El Paso, N.A. v. Sanchez*, 836 S.W.2d 151, 152 (Tex. 1992).

15.     This is so because the preservation of peace, "is of more importance to society than the right of the owner of a chattel to get possession of it." *Willis v. Whittle,* 82 S.C. 500, 64

S.E. 410 (1909); *see also Singer Sewing Mach. Co. v. Phipps,* 49 Ind.App. 116, 94 N.E. 793 (1911) (quoting 3 William Blackstone, Commentaries *4) ("[T]his natural right of recaption shall never be exerted, where such exertion must occasion strife . . . or endanger the peace of society.").

## THE TEXAS DEBT COLLECTION ACT

16.     In 1973, the Texas State Legislature enacted the Texas Debt Collection Act to "control and curtail the practices used in the collection of debt" which the legislature viewed as unethical and harassing to consumers.  *See* House Comm. on Judiciary, Bill Analysis, Tex. S.B. 252, 63rd Leg., R.S. (1973).

17.     Like the FDCPA, the TDCA is a strict liability statute which does not require proof of actual damages in order to recover statutory damages under the Act.  *See Marauder Corp. v. Beall*, 301 S.W.3d 817, 822 (Tex. App. 2009).

## BATTERY

18.     Under Texas law, the elements of battery are: (1) a harmful or offensive contact; (2) with a plaintiff's person. *Doe v. Beaumont I.S.D.*, 8 F. Supp. 2d 596, 616 (E.D. Tex. 1998) (citing *Price v.* Short, 931 S.W.2d 677, 687 (Tex. App.—Dallas 1996, n.w.h.); *Fisher v. Carrousel Motor Hotel, Inc.,* 424 S.W.2d 627 (Tex. 1967).

19.     "[A]ctual physical contact is not necessary to constitute a battery, so long as there is contact with clothing or an object closely identified with the body." *Fisher v. Carrousel Motor Hotel, Inc.*, 424 S.W.2d 627, 629 (Tex. 1967).

20.     Texas courts have found that a person's connection with a vehicle is sufficiently close so that contact with a vehicle is the same as contact with that person's body for the purposes of battery claims.  *See City of Fort Worth v. Deal*, 552 S.W.3d 366, 372 (Tex. App.

2018), *reh'g denied* (July 12, 2018), *review denied* (Oct. 26, 2018) ("Easily, Lange had such a close connection with his vehicle that the indirect, offensive contact [with] the vehicle was sufficient to constitute contact with Lange's person.") (collecting cases from around the country).

## CONVERSION

21.    Conversion is the unauthorized and unlawful assumption and exercise of dominion and control over the personal property of another which is to the exclusion of, or inconsistent with, the owner's rights. *Whitaker v. Bank of El Paso*, 850 S.W.2d 757, 760 (Tex. App. 1993); *Waisath v. Lack's Stores, Inc.,* 474 S.W.2d 444, 446 (Tex. 1971); *Beam v. Voss,* 568 S.W.2d 413, 420–21 (Tex. Civ. App.—San Antonio 1978, no writ).

22.    The elements of a conversion claim are (1) the plaintiff owned or had possession of the property or entitlement to possession; (2) the defendant unlawfully and without authorization assumed and exercised control over the property to the exclusion of, or inconsistent with, the plaintiff's rights as an owner; (3) the plaintiff demanded return of the property; and (4) the defendant refused to return the property. *Stroud Prod., L.L.C. v. Hosford*, 405 S.W.3d 794, 811 (Tex. App. 2013); *Khorshid, Inc. v. Christian,* 257 S.W.3d 748, 759 (Tex. App.-Dallas 2008, no pet.).

23.    Demand and refusal are not necessary, however, when the possessor's acts manifest a clear repudiation of the plaintiff's rights. *Loomis v. Sharp,* 519 S.W.2d 955, 958 (Tex. Civ. App.—Texarkana 1975, *writ dism'd*).

## PARTIES

24.    Plaintiff is a natural person who at all relevant times resided in the State of Texas and City of Corpus Christi.

25.    Plaintiff is allegedly obligated to pay a debt.

26.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

27.     Defendant Flagship is a Delaware limited liability company.

28.     Flagship regularly takes assignment of consumer automobile loans.

29.     Flagship is a "debt collector" as defined by TEX. FIN. CODE § 392.001(6).

30.     Burns is a Michigan limited liability company that facilitates the repossession of vehicles.

31.     At all relevant times, Burns was acting as a repossession agent working at the behest of Flagship.

32.     At all relevant times, Burns was an entity using instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

33.     Burns is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

34.     Burns is a "debt collector" as defined by Tex. Fin. Code § 392.001(6).

35.     Defendant, SAR is a sole proprietorship owned and operated by Ryan Peck, an individual residing in Corpus Christi, Texas.

36.     At all relevant times SAR was acting as a repossession agent working at the behest of Flagship and Burns.

37.     At all relevant times, SAR was a person using instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

38.     SAR is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

39.     SAR is a "debt collector" as defined by Tex. Fin. Code § 392.001(6).

**FACTUAL ALLEGATIONS**

6

40.    On or about May 25, 2019, Plaintiff purchased a 2013 Chevrolet Tahoe (the "Vehicle") from non-party, Autonation Chevrolet South Corpus Christi.

41.    Plaintiff purchased the Vehicle for his own personal family and household use.

42.    The Vehicle constitutes "consumer goods" as defined by TEX. BUS. & COM. CODE § 9.102(a)(23).

43.    Plaintiff purchased the Vehicle on credit.

44.    In connection with the purchase and financing of the vehicle, Plaintiff executed a retail installment sales contract ("RISC") with Autonation Chevrolet South Corpus Christi.

45.    As part of the transaction, Plaintiff gave Autonation Chevrolet South Corpus Christi and its assignees a security interest in the vehicle.

46.    The Vehicle constitutes "collateral" as defined by TEX. BUS. & COM. CODE § 9.102(a)(12).

47.    After the RISC was executed, it was assigned to Flagship.

48.    Flagship is a "secured party" as defined by TEX. BUS. & COM. CODE § 9.102(a)(73).

49.    On or before October 7, 2020, Flagship engaged its repossession agent, Burns, to accomplish the repossession of Plaintiff's vehicle.

50.    Burns in turn hired SAR to effect the repossession of the Vehicle.

51.    On or about October 7, 2020, Plaintiff was with his one-year old in the parking lot of a Walmart in Calallen, Texas.

52.    Around this same time, SAR located the Vehicle.

53.    While Plaintiff and his son were in the Vehicle, SAR's employee slid a tow bar under the Vehicle and lifted it up.

54.     Plaintiff immediately confronted SAR's employee and loudly protested the repossession.

55.     Plaintiff demanded that SAR's employee put the vehicle down and cease the repossession.

56.     SAR's employee refused to do so and continued with the repossession despite Plaintiff's protest.

57.     SAR told Plaintiff that it would call the police unless Plaintiff ceased his protest and that the police would make Plaintiff turn over the vehicle and its keys.

58.     When Plaintiff refused, SAR's employee called the police for assistance with the repossession.

59.     Thereafter, an officer of the Corpus Christi police department arrived armed and displaying her badge of office.

60.     The officer told Plaintiff he had to give up the vehicle, and forced Plaintiff to do so.

61.     Thereafter, with the officer's assistance, SAR completed the repossession.

62.     Plaintiff works as a diesel mechanic, and just days before the repossession, he was forced out of his apartment by a roommate.

63.     Consequently, when the Vehicle was taken, it contained most of Plaintiff's possessions, and his tools.

64.     After the repossession, Defendants transported the Vehicle to San Antonio.

65.     Thus, Plaintiff had to travel 152 miles to collect his possessions.

66.     When he did so, he discovered that many of his tools (including but not limited to: Mac 1/2" digital torque and angle wrench, a 1/2" ac air impact driver, 1/2" Milwaukee electric

high torque impact driver, Milwaukee 12 volt 3/8" electric impact driver, 3/8 12 volt electric ratchet, Milwaukee battery chargers, 18 volt DeWalt drill and charger, and several other ratchets, sockets, and wrenches) had been stolen while the Vehicle was in Defendants' possession.

### COUNT I
### VIOLATION OF 15 U.S.C. § 1692f(6)(A)
### SAR

67.     Plaintiff repeats and re-alleges each factual allegation contained above.

68.     Texas law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace."  TEX. BUS. & COM. CODE § 9.609(b)(2).

69.     However if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral.  *Id.*

70.     A repossession agent breaches the peace if he continues with a repossession over a consumer's protest. *See Marcus v. McCollum,* 394 F.3d 813, 820 (10th Cir. 2004); *Dixon v. Ford Motor Credit Co.*, 72 Ill. App. 3d 983, 988, 391 N.E.2d 493, 497 (1979); *Hollibush v. Ford Motor Credit Co.*, 179 Wis. 2d 799, 812, 508 N.W.2d 449, 455 (Ct. App. 1993) ("We conclude that the undisputed fact is that Hollibush or her fiancé told FMCC's agent that he was not to repossess the vehicle, and that he nonetheless did so. We conclude that this constitutes a breach of the peace."); *Ford Motor Credit Co. v. Cole*, 503 S.W.2d 853, 855 (Tex. Civ. App. 1973), *dismissed* (Apr. 3, 1974) (because consumer confronted repossession agent, secured party was forced to either go to court or repossess vehicle at time when the consumer would not notice and protest); *Census Fed. Credit Union v. Wann*, 403 N.E.2d 348, 352 (Ind. Ct. App. 1980) ("[I]f [a] repossession is verbally or otherwise contested at the actual time of and in the immediate vicinity of the attempted repossession by the defaulting party or other person in control of the chattel, the

secured party must desist and pursue his remedy in court."); *First & Farmers Bank of Somerset, Inc. v. Henderson*, 763 S.W.2d 137, 140 (Ky. Ct. App. 1988) ("[I]t is clear that repossession in the face of the debtor's objection constitutes a breach of the peace."); *Morris v. First Nat. Bank & Tr. Co. of Ravenna*, 21 Ohio St. 2d 25, 30, 254 N.E.2d 683, 686 (1970); *Hopkins v. First Union Bank of Savannah*, 193 Ga. App. 109, 110, 387 S.E.2d 144, 146 (1989) (agreeing with most courts that repossession in the face of a debtor's oral protest constitutes a breach of the peace); *Martin v. Dorn Equip. Co.*, 250 Mont. 422, 427, 821 P.2d 1025, 1028 (1991) (quoting J. Sheldon & R. Sable, *Repossessions,* § 6.3 (1988)) (" '[T]he general rule is that the creditor cannot . . . seize any property over the debtor's objections.' ").

71.    Plaintiff confronted SAR's employee and loudly protested the repossession.

72.    Once Plaintiff protested the repossession, SAR lost the right to continue with the repossession.

73.    Nonetheless, SAR continued with its repossession and thereby breached the peace.

74.    Additionally, SAR breached the peace by using physical force on the body of Plaintiff during the repossession.

75.    Additionally, enlisting the assistance of law enforcement to accomplish a repossession constitutes a constructive use of force—which is likewise a breach of the peace. *Albertorio-Santiago v. Reliable Fin. Services*, 612 F. Supp. 2d 159 (D. P.R. 2009) (breach of peace has occurred because presence of officer is sufficient to chill exercise of debtor's rights, and creditor must resort to judicial intervention); *In re MacLeod*, 118 B.R. 1 (Bankr. D.N.H. 1990) (off-duty police restrained debtor from objecting; held to violate U.C.C. § 9-503); *Walker v. Walthall*, 588 P.2d 863 (Ariz. Ct. App. 1978); *Dolphin Truck Leasing v. Gen. Motors*

*Acceptance Corp.*, 340 So. 2d 1278 (Fla. Dist. Ct. App. 1977); *Fulton v. Anchor Sav. Bank*, 452

S.E.2d 208 (Ga. Ct. App. 1994) (police order to give up car precludes voluntary surrender);

*Firebaugh v. Gunther*, 233 P. 460 (Okla. 1925); *Harris v. Cantwell*, 614 P.2d 124 (Or. Ct. App.

1980); *Stone Mach. Co. v. Kessler*, 1 Wash. App. 750, 757, 463 P.2d 651, 655 (1970).

76.    SAR breached the peace by enlisting the help of law enforcement officers to

accomplish the repossession.

77.    A repossession agent's breach of the peace negates a right to possession.  *See*

*Clark v. PAR, Inc.*, No. CV1502322MWFFFMX, 2015 WL 13781846, at *5 (C.D. Cal. July 22,

2015) (collecting cases); 15 U.S.C. § 1692f(6); *see also Oliver v. ARS Ohio LLC*, No. 5:18-CV-

967, 2019 WL 343249, at *4 n. 5 (N.D. Ohio Jan. 28, 2019) (noting that under applicable law, "a

security-interest enforcer loses its right to present possession of the collateral if it breaches the

peace"); *Wright v. Santander Consumer USA, Inc.*, No. 618CV263ORL22KRS, 2018 WL

2095171, at *4 (M.D. Fla. May 1, 2018) ("If a repossession agency breaches the peace during a

self-help repossession, then it loses its right to present possession of the collateral."); *Vantu v.*

*Echo Recovery, L.L.C.*, 85 F. Supp. 3d 939, 943 (N.D. Ohio 2015) ("In general, a security-

interest enforcer loses its right to present possession of the collateral if it breaches the peace.");

*Alexander v. Blackhawk Recovery & Investigation, L.L.C.*, 731 F. Supp. 2d 674, 680 (E.D. Mich.

2010); *Fleming-Dudley v. Legal Investigations, Inc.*, No. 05 C 4648, 2007 WL 952026, at *5

(N.D. Ill. Mar. 22, 2007); *Purkett v. Key Bank USA, Inc.*, No. 01 C 162, 2001 WL 503050, at *2

(N.D. Ill. May 10, 2001).

78.    When SAR breached the peace, it lost right to possession of the Vehicle.

79.    Nonetheless, SAR continued with the repossession.

80.     By continuing with its repossession after it lost the right to do so, SAR violated 15 U.S.C. § 1692f(6)(A) by taking non-judicial action to effect dispossession of Plaintiff's property where the property was exempt by law from such dispossession.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that SAR violated 15 U.S.C. § 1692f(6)(A);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692f(6)(A)
## BURNS

81.     Plaintiff repeats and re-alleges each factual allegation contained above.

82.     Texas law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." TEX. BUS. & COM. CODE § 9.609(b)(2).

83.     However if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral. *Id.*

84.     A repossession agent breaches the peace if he continues with a repossession over a consumer's protest. *See Marcus v. McCollum,* 394 F.3d 813, 820 (10th Cir. 2004); *Dixon v. Ford Motor Credit Co.*, 72 Ill. App. 3d 983, 988, 391 N.E.2d 493, 497 (1979); *Hollibush v. Ford*

*Motor Credit Co.*, 179 Wis. 2d 799, 812, 508 N.W.2d 449, 455 (Ct. App. 1993) ("We conclude that the undisputed fact is that Hollibush or her fiancé told FMCC's agent that he was not to repossess the vehicle, and that he nonetheless did so. We conclude that this constitutes a breach of the peace."); *Ford Motor Credit Co. v. Cole*, 503 S.W.2d 853, 855 (Tex. Civ. App. 1973), *dismissed* (Apr. 3, 1974) (because consumer confronted repossession agent, secured party was forced to either go to court or repossess vehicle at time when the consumer would not notice and protest); *Census Fed. Credit Union v. Wann*, 403 N.E.2d 348, 352 (Ind. Ct. App. 1980) ("[I]f [a] repossession is verbally or otherwise contested at the actual time of and in the immediate vicinity of the attempted repossession by the defaulting party or other person in control of the chattel, the secured party must desist and pursue his remedy in court."); *First & Farmers Bank of Somerset, Inc. v. Henderson*, 763 S.W.2d 137, 140 (Ky. Ct. App. 1988) ("[I]t is clear that repossession in the face of the debtor's objection constitutes a breach of the peace."); *Morris v. First Nat. Bank & Tr. Co. of Ravenna*, 21 Ohio St. 2d 25, 30, 254 N.E.2d 683, 686 (1970); *Hopkins v. First Union Bank of Savannah*, 193 Ga. App. 109, 110, 387 S.E.2d 144, 146 (1989) (agreeing with most courts that repossession in the face of a debtor's oral protest constitutes a breach of the peace); *Martin v. Dorn Equip. Co.*, 250 Mont. 422, 427, 821 P.2d 1025, 1028 (1991) (quoting J. Sheldon & R. Sable, *Repossessions,* § 6.3 (1988)) (" '[T]he general rule is that the creditor cannot . . . seize any property over the debtor's objections.' ").

85.    Plaintiff confronted SAR's employee and loudly protested the repossession.

86.    Once Plaintiff protested the repossession, SAR lost the right to continue with the repossession.

87.    Nonetheless, SAR continued with its repossession and thereby breached the peace.

88.     Additionally, SAR breached the peace by using physical force on the body of Plaintiff during the repossession.

89.     Additionally, enlisting the assistance of law enforcement to accomplish a repossession constitutes a constructive use of force—which is likewise a breach of the peace. *Albertorio-Santiago v. Reliable Fin. Services*, 612 F. Supp. 2d 159 (D. P.R. 2009) (breach of peace has occurred because presence of officer is sufficient to chill exercise of debtor's rights, and creditor must resort to judicial intervention); *In re MacLeod*, 118 B.R. 1 (Bankr. D.N.H. 1990) (off-duty police restrained debtor from objecting; held to violate U.C.C. § 9-503); *Walker v. Walthall*, 588 P.2d 863 (Ariz. Ct. App. 1978); *Dolphin Truck Leasing v. Gen. Motors Acceptance Corp.*, 340 So. 2d 1278 (Fla. Dist. Ct. App. 1977); *Fulton v. Anchor Sav. Bank*, 452 S.E.2d 208 (Ga. Ct. App. 1994) (police order to give up car precludes voluntary surrender); *Firebaugh v. Gunther*, 233 P. 460 (Okla. 1925); *Harris v. Cantwell*, 614 P.2d 124 (Or. Ct. App. 1980); *Stone Mach. Co. v. Kessler*, 1 Wash. App. 750, 757, 463 P.2d 651, 655 (1970).

90.     SAR breached the peace by enlisting the help of law enforcement officers to accomplish the repossession.

91.     A repossession agent's breach of the peace negates a right to possession. *See Clark v. PAR, Inc.*, No. CV1502322MWFFFMX, 2015 WL 13781846, at *5 (C.D. Cal. July 22, 2015) (collecting cases); 15 U.S.C. § 1692f(6); *see also Oliver v. ARS Ohio LLC*, No. 5:18-CV-967, 2019 WL 343249, at *4 n. 5 (N.D. Ohio Jan. 28, 2019) (noting that under applicable law, "a security-interest enforcer loses its right to present possession of the collateral if it breaches the peace"); *Wright v. Santander Consumer USA, Inc.*, No. 618CV263ORL22KRS, 2018 WL 2095171, at *4 (M.D. Fla. May 1, 2018) ("If a repossession agency breaches the peace during a self-help repossession, then it loses its right to present possession of the collateral."); *Vantu v.*

*Echo Recovery, L.L.C.*, 85 F. Supp. 3d 939, 943 (N.D. Ohio 2015) ("In general, a security-interest enforcer loses its right to present possession of the collateral if it breaches the peace."); *Alexander v. Blackhawk Recovery & Investigation, L.L.C.*, 731 F. Supp. 2d 674, 680 (E.D. Mich. 2010); *Fleming-Dudley v. Legal Investigations, Inc.*, No. 05 C 4648, 2007 WL 952026, at *5 (N.D. Ill. Mar. 22, 2007); *Purkett v. Key Bank USA, Inc.*, No. 01 C 162, 2001 WL 503050, at *2 (N.D. Ill. May 10, 2001).

92.    When SAR breached the peace, it lost right to possession of the Vehicle.

93.    Nonetheless, SAR continued with the repossession.

94.    By continuing with its repossession after it lost the right to do so, SAR violated 15 U.S.C. § 1692f(6)(A) by taking non-judicial action to effect dispossession of Plaintiff's property where the property was exempt by law from such dispossession.

95.    Burns by virtue of its status as "debt collector" under the FDCPA, is liable for the conduct of SAR, the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that SAR violated 15 U.S.C. § 1692f(6)(A);

b)   Adjudging that Burns is liable for SAR's violation of 15 U.S.C. § 1692f(6)(A);

c)   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

d)   Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

e)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

f)   Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

g)  Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF TEX. BUS. & COM. CODE § 9.609
## FLAGSHIP

96.    Plaintiff repeats and re-alleges each factual allegation contained above.

97.    Texas law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace."  TEX. BUS. & COM. CODE § 9.609(b)(2).

98.    However if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral.  *Id*.

99.    A repossession agent breaches the peace if he continues with a repossession over a consumer's protest.

100.    Secured creditors have a nondelegable duty not to breach the peace when they repossess secured collateral. The courts may find them liable for the acts of independent contractors who breach the peace in the course of repossessing secured collateral.  *MBank El Paso, N.A. v. Sanchez*, 836 S.W.2d 151, 154 (Tex. 1992); *see also Doucette v. Belmont Sav. Bank*, No. ESCV20161596D, 2017 WL 2427566, at *2 (Mass. Super. Apr. 14, 2017); *Binion v. Fletcher Jones of Chicago, Ltd.*, 2014 IL App (1st) 131710-U, ¶ 19; *Williamson v. Fowler Toyota, Inc.*, 1998 OK 14, 956 P.2d 858; *DeMary v. Rieker*, 302 N.J. Super. 208, 695 A.2d 294 (App. Div. 1997); *Robinson v. Citicorp Nat. Servs., Inc.*, 921 S.W.2d 52, 55 (Mo. Ct. App. 1996); *Mauro v. Gen. Motors Acceptance Corp.*, 164 Misc. 2d 871, 876, 626 N.Y.S.2d 374, 377 (Sup. Ct. 1995); *Clark v. Assocs. Commercial Corp.*, 877 F. Supp. 1439, 1448 (D. Kan. 1994); *Hester v. Bandy*, 627 So. 2d 833, 843 (Miss. 1993); *Sammons v. Broward Bank*, 599 So. 2d 1018, 1019 (Fla. Dist. Ct. App. 1992); *GM v. Owens*, 820 S.W.2d 748, 752 (Tenn. Ct. App.

1991); *Massengill v. Indiana Nat'l Bank,* 550 N.E.2d 97, 99 (Ind. Ct. App.1990); *Nichols v. Metro. Bank*, 435 N.W.2d 637, 640 (Minn. Ct. App. 1989); *Gen. Fin. Corp. v. Smith*, 505 So. 2d 1045, 1047 (Ala. 1987); *Henderson v. Security Nat'l Bank,* 72 Cal. App.3d 764, 140 Cal. Rptr. 388, 390–91 (1977).

101.    Flagship's repossession agents, SAR, breached the peace by continuing the repossession in the face of Plaintiff's confrontation and protest, by lifting the vehicle while Plaintiff and son occupied it, and enlisting the help of law enforcement officers to accomplish their repossession.

102.    Flagship violated TEX. BUS. & COM. CODE § 9.609(b)(2) when its repossession agents, SAR, breached the peace to repossess Plaintiff's Vehicle.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Flagship violated TEX. BUS. & COM. CODE § 9.609(b)(2);

b)  Awarding Plaintiff statutory damages, pursuant to TEX. BUS. & COM. CODE § 9.625(c)(2);

c)  Awarding Plaintiff actual damages, pursuant to TEX. BUS. & COM. CODE § 9.625(c)(1);

d)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

e)  Awarding such other and further relief as the Court may deem proper.

## COUNT IV
## VIOLATION OF TEX. FIN. CODE § 392.301
## FLAGSHIP AND SAR

103.    Plaintiff repeats and re-alleges each and every factual allegation contained above.

104.    Texas law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace."  TEX. BUS. & COM. CODE § 9.609(b)(2).

105.    However, if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral.  *Id.*

106.    A repossession agent breaches the peace if he continues with a repossession over a consumer's protest.

107.    Flagship's repossession agent, SAR, engaged in illegal conduct by continuing its repossession after Plaintiff confronted SAR and protested the repossession.

108.    Flagship's repossession agent, SAR, engaged in illegal conduct by breaching the peace during its repossession.

109.    Flagship's repossession agent, SAR, engaged in illegal conduct by battering Plaintiff.

110.    Flagship's repossession agent, SAR, engaged in illegal conduct by stealing Plaintiff's tools.

111.    As the secured creditor that hired SAR, Flagship is liable for SAR's conduct.

112.    Flagship and SAR violated TEX. FIN. CODE § 392.301(a)(8) by threatening to take and taking an action prohibited by law in connection with the collection of Plaintiff's alleged debt.

113.    Flagship and SAR violated TEX. FIN. CODE § 392.301(a)(1) by using or threatening to use violence or other criminal means to cause harm to Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)    Adjudging that SAR violated TEX. FIN. CODE § 392.301(a)(8);

b)    Adjudging that SAR violated TEX. FIN. CODE § 392.301(a)(1);

c)    Adjudging that Flagship, as the secured party that hired SAR, is liable for SAR's violation of TEX. FIN. CODE § 392.301(a)(8).

d)    Adjudging that Flagship, as the secured party that hired SAR, is liable for SAR's violation of TEX. FIN. CODE § 392.301(a)(1).

e)    Awarding Plaintiff injunctive relief pursuant to the TDCA;

f)    Awarding Plaintiff actual damages pursuant to the TDCA;

g)    Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

h)    Awarding Plaintiff any pre-judgment and post-judgment interest as permissible by the law; and

i)    Awarding such other and further relief as the Court may deem just and proper.

### COUNT V
### BATTERY
### FLAGSHIP AND SAR

114.    Plaintiff repeats and re-alleges each factual allegation contained above.

115.    SAR committed a battery when it lifted Plaintiff's vehicle while he and his son occupied it.

116.    SAR's actions in purposefully lifting the vehicle while Plaintiff and his son occupied it evidence that its actions in this matter were outrageous and guided by an evil mind.

117.    Flagship, as the secured party that hired SAR, is liable for SAR's battery.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that SAR committed a battery on the person of Plaintiff;

b)  Adjudging that Flagship, as the secured party that hired SAR is liable for its battery;

c)  Awarding Plaintiff his actual damages in an amount to be proved at trial;

d)  Awarding Plaintiff exemplary damages in an amount to be proved at trial

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem proper.

### COUNT VI
### COMMON LAW CONVERSION
### FLAGSHIP AND SAR

118.    Plaintiff repeats and re-allege each factual allegation contained above.

119.    Because Flagship's repossession agents, SAR, breached the peace, Defendants had no legal right to take possession of Plaintiff's Vehicle or its contents.

120.    Nonetheless, Defendants took possession of the Vehicle without legal authority to do so.

121.    Moreover, when the Vehicle was taken, it contained Plaintiff's personal effects and his tools.

122.    Flagship's security interest in the Vehicle did not cover Plaintiff's personal effects or his tools, thus it had no legal right to take them.

123.    Moreover, many of Plaintiff's tools were missing from the Vehicle when he went to redeem his property.

124.    These tools were never returned to Plaintiff, and were stolen by Defendants.

125.    Defendant's taking of the Vehicle's contents constitutes conversion under Texas law.

126.    In converting Plaintiff's property, Defendants acted with malice and/or gross negligence.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendants converted Plaintiff's Vehicle and its contents;

b)  Awarding Plaintiff his actual damages in an amount to be proved at trial;

c)  Awarding Plaintiff exemplary damages in an amount to be proved at trial

d)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

e)  Awarding such other and further relief as the Court may deem proper

### TRIAL BY JURY

127.    Plaintiff is entitled to and hereby demands a trial by jury.

Dated: March 4, 2021

Respectfully submitted,

/s/ Russell S. Thompson IV
Russell S. Thompson IV
Southern District Bar # 1572841
Thompson Consumer Law Group, PC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone:    602-388-8898
Facsimile:    866-317-2674
rthompson@ThompsonConsumerLaw.com

Attorneys for Plaintiff