**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | |
|---|---|
| AARON HOBBS, <br> Plaintiff, <br><br> vs. <br><br> RYAN PECK DBA SUPERIOR AUTO RECOVERY <br> Defendant. | § <br> § <br> §    CIVIL ACTION NO. 2:21-cv-00047 <br> § <br> § <br> § <br> § <br> § <br> § <br> § |

**MOTION FOR DEFAULT JUDGMENT**

Plaintiff Aaron Hobbs ("Plaintiff") respectfully moves this Honorable Court for an Order of Default Judgment against Defendant, Ryan Peck DBA Superior Auto Recovery ("Defendant"), as provided by Rule 55(b) of the Federal Rules of Civil Procedure. In support thereof, Plaintiff states:

1. Plaintiff commenced this action by filing his complaint on March 23, 2021. Doc. 1.

2. After Plaintiff had difficulty serving Defendant, he successfully moved the Court for leave to serve Defendant via regular and certified mail. Doc. 16.

3. On June 8, 2021, Plaintiff served Defendant in conformity with the Court's order. Doc. 18.

4. Defendant has failed to serve a responsive pleading or otherwise defend pursuant to the Federal Rules of Civil Procedure within the prescribed period.

5. Defendant is neither an infant, nor an incompetent person, within the meaning of Rule 55(a) of the Federal Rules of Civil Procedure.

6. Defendant is not currently serving in the military as defined in the Servicemembers Civil Relief Act.

## Statement of the issues

Issue #1: Whether Defendant violated § 15 U.S.C. § 1692f(6) of the Fair Debt Collection Practices Act ("FDCPA") when it repossessed Plaintiff's vehicle notwithstanding a breach of the peace that occurred during the repossession.

Issue #2: Whether Defendant violated TEX. FIN. CODE § 392.301(a)(8) by threatening to take and taking an action prohibited by law in connection with the collection of a debt.

Issue #3: Whether Defendant violated TEX. FIN. CODE § 392.301(a)(1) by using or threatening to use violence or other criminal means to cause harm to Plaintiff.

Issue #4: Whether Defendant committed a battery on the body of Plaintiff.

Issue #5: Whether Defendant converted Plaintiff's property.

Issue #6: Plaintiff's damages.

## Argument & Authorities

In considering motions for default judgment, the Court must determine: (1) whether default judgment is procedurally warranted; (2) whether the moving party's pleading sets forth facts sufficient to establish that it is entitled to relief; and (3) what form of relief, if any, the moving party should receive. *Halprin v. FDIC*, No. 5:13-CV-1042-RP, 2020 U.S. Dist. LEXIS 141420, at *8-9 (W.D. Tex. Aug. 7, 2020) (citing *United States v. 1998 Freightliner VIN #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008)).

## I. Default is procedurally warranted.

To determine whether entry of a default judgment is procedurally warranted, district courts in the Fifth Circuit consider six factors: (1) whether material issues of fact are at issue, (2) whether there has been substantial prejudice, (3) whether the grounds for default are clearly established, (4) whether the default was caused by a good faith mistake or excusable neglect, (5) the harshness

of a default judgment, and (6) whether the court would think itself obliged to set aside the default on the defendant's motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Here, on balance the *Lindsey* factors weigh in favor of entering a default judgment. Because Defendant has not filed responsive pleadings, there are no material facts in dispute. *See Nishimatsu Const. Co., Ltd. v. Hous. Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."). Defendant's failure to appear and respond has frustrated the adversary process, prejudicing Plaintiff's interest in pursuing claims for relief against him. *See Ins. Co. of the W. v. H & G Contractors, Inc.*, No. CIV.A. C-10-390, 2011 U.S. Dist. LEXIS 114940, 2011 WL 4738197, at *3 (S.D. Tex. Oct. 5, 2011). Plaintiff properly served Defendant and the clerk has entered his default. Doc. 31. There is no evidence that Defendant's failure is due to good faith mistake or excusable neglect. Moreover, the judgment sought in this case is not overly harsh. Finally, Plaintiff is not aware of any grounds that would justify the Court in setting aside the default.

## II.     Plaintiff's complaint sets forth facts sufficient to establish he is entitled to relief.

In determining whether factual allegations are sufficient to support a default judgment, the Fifth Circuit employs the same analysis used to determine sufficiency under Rule 8. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). The factual allegations in the claim need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Wooten*, 788 F.3d at 498 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

### A.      Factual background.

On or about May 25, 2019, Plaintiff purchased a 2013 Chevrolet Tahoe (the "Vehicle") from Autonation Chevrolet South Corpus Christi. Doc. 1 ¶¶ 40. Plaintiff purchased the Vehicle for his own personal family and household use. *Id.* at ¶ 41. In connection with the transaction, Plaintiff executed a retail installment sales contract ("RISC") which gave Autonation Chevrolet South Corpus Christi and its assignees a security interest in the vehicle. *Id.* at ¶¶ 44-45.

After the RISC was executed, it was assigned to Flagship Credit Acceptance ("Flagship"). On or before October 7, 2020, Flagship, through an intermediary, hired Defendant, a repossession agent, to repossess Plaintiff's Vehicle. *Id.* at ¶¶ 36; 49-50.

On October 7, 2020, Plaintiff was with his one-year old in the parking lot of a Walmart in Calallen, Texas when Defendant located the Vehicle. *Id.* at 51-52. While Plaintiff and his son were in the Vehicle, Defendant's employee slid a tow bar under the Vehicle and lifted it up. *Id.* at ¶ 53. Plaintiff immediately confronted Defendant's employee and loudly protested the repossession, and demanded that Defendant's employee put the vehicle down and cease the repossession. *Id.* at ¶¶ 54-55. Defendant's employee refused to do so and continued with the repossession despite Plaintiff's protest. *Id.* at ¶ 56. Defendant's employee told Plaintiff that he would call the police unless Plaintiff ceased his protest and that the police would make Plaintiff turn over the Vehicle and its keys. *Id.* at ¶ 57. When Plaintiff refused, Defendant's employee called the police for assistance with the repossession. *Id.* at ¶ 58. Thereafter, an officer of the Corpus Christi police department arrived armed and displaying her badge of office. *Id.* at ¶ 59. The officer told Plaintiff he had to give up the Vehicle, and forced Plaintiff to do so. *Id.* at ¶ 60. Thereafter, with the officer's assistance, Defendant completed the repossession. *Id.* at ¶ 61.

Plaintiff works as a diesel mechanic, and just days before the repossession, he was forced out of his apartment by a roommate. *Id.* at ¶ 62. Consequently, when the Vehicle was taken, it contained most of Plaintiff's possessions, including his tools. *Id.* at ¶ 63. After the repossession, Defendants transported the Vehicle to San Antonio. *Id.* at ¶ 64. Thus, Plaintiff had to travel 152 miles to collect his possessions. *Id.* at ¶ 65. When he did so, he discovered that many of his tools (including but not limited to: Mac 1/2" digital torque and angle wrench, a 1/2" ac air impact driver, 1/2" Milwaukee electric high torque impact driver, Milwaukee 12 volt 3/8" electric impact driver, 3/8 12 volt electric ratchet, Milwaukee battery chargers, 18 volt DeWalt drill and charger, and several other ratchets, sockets, and wrenches) had been stolen while the Vehicle was in Defendant's possession. *Id.* at ¶ 66.

### B.     Plaintiff's complaint states a claim under the FDCPA.

By the statute's plain language, to state a claim under the FDCPA, a plaintiff must allege that: (1) the defendant is a "debt collector" as defined by the Act, (2) the debt at issue must be a consumer debt, and (3) that the defendant has violated one of the Act's prescriptions. *See* 15 U.S.C. § 1692f(6).

#### i.      Defendant is a "debt collector."

Plaintiff's complaint affirmatively alleges facts showing Defendant is a debt collector. *See* Doc. 1 at ¶¶ 37-38. (alleging that Defendant used instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests); 15 U.S.C. § 1692a(6) ("For the purpose of section 1692f(6) of this title, [debt collector] also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.").

      **ii.**      **The debt for which Plaintiff's vehicle was repossessed is a consumer debt.**

Plaintiff's complaint likewise alleges that his vehicle was purchased for personal, family, and household purposes, and thus the debt at issue is a "consumer" debt as defined by the FDCPA. *See* Doc. 1 at ¶¶ 40-42; 15 U.S.C. § 1692a(6) (The term "debt" means any obligation of a consumer to pay money arising out of a transaction in which the money or property which are the subject of the transaction are primarily for personal, family, or household purposes).

      **iii.**      **Plaintiff's complaint alleges facts showing Defendant violated § 1692f(6) of the FDCPA by continuing with its repossession after it lost the right to do so.**

The FDCPA provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
>         \*        \*        \*
>
> (6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—
>
> > (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;
> >
> > (B) there is no present intention to take possession of the property; or
> >
> > (C) the property is exempt by law from such dispossession or disablement.

15 U.S.C. § 1692f(6)(a).

"[S]elf-help repossession is a harsh remedy." *Sammons v. Broward Bank*, 599 So. 2d 1018, 1020 (Fla. Dist. Ct. App. 1992) (quoting *Steichen v. First Bank Grand*, 372 N.W.2d 768, 773 (Minn. Ct. App. 1985)). It erodes the government's monopoly on force and has been variously allowed and outlawed throughout history. During the dark ages, it was tolerated because society's legal institutions were too weak to prevent it. Mikolajczyk, *Breach of Peace and Section 9–503*

6

*of the Uniform Commercial Code,* 82 Dick.L.Rev. 351, 351 (1977–78) (citing 2 F. Pollock & F. Maitland, *The History of English Law,* 547 (2d. ed. 1909)). And, by the time of the Norman Conquest, it had been outlawed entirely. *Wallace v. Chrysler Credit Corp.*, 743 F. Supp. 1228, 1231 (W.D. Va. 1990). Presently, American society tolerates self-help repossession. But, because it is a harsh remedy, "strict application of the law is necessary to prevent abuse and to discourage illegal conduct." *Sammons*, 599 So. 2d at 1020 (quoting *Steichen*, 372 N.W.2d at 773). Under Texas law, after default, a secured party may repossess collateral. *See* TEX. BUS. COMM. CODE § 9.609.

However, a repossession agent's breach of the peace negates a present right to possession of collateral. TEX. BUS. COMM. CODE § 9.609(b)(2). Because a breach of the peace negates a present right to possession of collateral, a repossession agent that breaches the peace during a repossession violates § 1692f of the FDCPA. *See Thomas v. GM Fin. Co.*, No. 5:19-CV-1418-DAE, 2020 U.S. Dist. LEXIS 251551, at *12 (W.D. Tex. Mar. 18, 2020).[1]

Here Plaintiff's complaint alleges facts showing that the peace was breached in numerous ways. First, a repossession agent breaches the peace if it continues with a repossession after it is confronted by a debtor. *Price Auto Sales, Inc. v. Sanders*, No. 05-11-00746-CV, 2012 Tex. App.

---

[1] *See also Clark v. PAR, Inc.*, No. CV1502322MWFFFMX, 2015 WL 13781846, at *5 (C.D. Cal. July 22, 2015) (collecting cases); 15 U.S.C. § 1692f(6); *see also Oliver v. ARS Ohio LLC*, No. 5:18-CV-967, 2019 WL 343249, at *4 n. 5 (N.D. Ohio Jan. 28, 2019) (noting that under applicable law, "a security-interest enforcer loses its right to present possession of the collateral if it breaches the peace"); *Wright v. Santander Consumer USA, Inc.*, No. 618CV263ORL22KRS, 2018 WL 2095171, at *4 (M.D. Fla. May 1, 2018) ("If a repossession agency breaches the peace during a self-help repossession, then it loses its right to present possession of the collateral."); *Vantu v. Echo Recovery, L.L.C.*, 85 F. Supp. 3d 939, 943 (N.D. Ohio 2015) ("In general, a security-interest enforcer loses its right to present possession of the collateral if it breaches the peace."); *Alexander v. Blackhawk Recovery & Investigation, L.L.C.*, 731 F. Supp. 2d 674, 680 (E.D. Mich. 2010); *Fleming-Dudley v. Legal Investigations, Inc.*, No. 05 C 4648, 2007 WL 952026, at *5 (N.D. Ill. Mar. 22, 2007); *Purkett v. Key Bank USA, Inc.*, No. 01 C 162, 2001 WL 503050, at *2 (N.D. Ill. May 10, 2001).

LEXIS 7274, at *7 (Tex. App. Aug. 29, 2012) (citing *Chapa v. Traciers & Assocs.*, 267 S.W.3d 386, 395 (Tex. App.—Houston [14th Dist] 2008, no pet.); *Ford Motor Credit Co. v. Cole*, 503 S.W.2d 853, 855 (Tex. Civ. App. 1973), *dismissed* (Apr. 3, 1974) (noting that because consumer confronted repossession agent, secured party was forced to either go to court or repossess vehicle at time when the consumer would not notice and protest).[2] Plaintiff's complaint affirmatively alleges that Plaintiff confronted Defendant, protested the repossession, demanded that Defendant cease the repossession, and that Defendant refused and persisted with the repossession. Doc. 1 at ¶¶ 54-57. This is a breach of the peace under Texas law.

Second, repossession agents cannot use force in repossessions. *See e.g. Godwin v. Stanley*, 331 S.W.2d 341, 342 (Tex. Civ. App. 1959).[3] Plaintiff's complaint affirmatively alleges that

---

[2] *See also Marcus v. McCollum,* 394 F.3d 813, 820 (10th Cir. 2004); *Dixon v. Ford Motor Credit Co.*, 72 Ill. App. 3d 983, 988, 391 N.E.2d 493, 497 (1979); *Hollibush v. Ford Motor Credit Co.*, 179 Wis. 2d 799, 812, 508 N.W.2d 449, 455 (Ct. App. 1993) ("We conclude that the undisputed fact is that Hollibush or her fiancé told FMCC's agent that he was not to repossess the vehicle, and that he nonetheless did so. We conclude that this constitutes a breach of the peace."); *Census Fed. Credit Union v. Wann*, 403 N.E.2d 348, 352 (Ind. Ct. App. 1980) ("[I]f [a] repossession is verbally or otherwise contested at the actual time of and in the immediate vicinity of the attempted repossession by the defaulting party or other person in control of the chattel, the secured party must desist and pursue his remedy in court."); *First & Farmers Bank of Somerset, Inc. v. Henderson*, 763 S.W.2d 137, 140 (Ky. Ct. App. 1988) ("[I]t is clear that repossession in the face of the debtor's objection constitutes a breach of the peace."); *Morris v. First Nat. Bank & Tr. Co. of Ravenna*, 21 Ohio St. 2d 25, 30, 254 N.E.2d 683, 686 (1970); *Hopkins v. First Union Bank of Savannah*, 193 Ga. App. 109, 110, 387 S.E.2d 144, 146 (1989) (agreeing with most courts that repossession in the face of a debtor's oral protest constitutes a breach of the peace); *Martin v. Dorn Equip. Co.*, 250 Mont. 422, 427, 821 P.2d 1025, 1028 (1991) (quoting J. Sheldon & R. Sable, *Repossessions,* § 6.3 (1988)) (" '[T]he general rule is that the creditor cannot . . . seize any property over the debtor's objections.' ")

[3] *See also Brees v. Courtesy Ford, Inc*., 45 Fed. Appx. 711 (9th Cir. 2002) (shouting, pushing, shoving, and hitting consumer with car is breach of peace); *Scroggins v. City of Kankakee*, 2007 WL 2681235 (C.D. Ill. Aug. 16, 2007) (repossession that led to physical confrontation and required police intervention was breach of peace); *Pease v. Havelock Nat'l Bank*, 351 F. Supp. 118 (D. Neb. 1972); *Calloway v. Whittenton*, 52 U.C.C. Rep. Serv. 2d 525 (Ala. 2003) (use of physical force to overcome debtor's attempt to prevent repossession is breach of peace); *Griffith v. Valley of Sun Recovery & Adjustment Bureau, Inc*., 613 P.2d 1283 (Ariz. Ct. App. 1980); *Kensinger Acceptance Corp. v. Davis*, 269 S.W.2d 792 (Ark. 1954); *Silverstin v. Kohler & Chase*, 183 P. 451

Defendant used force on the body of him and his son during the repossession, and thereby breached the peace. Doc. 1 at ¶¶ 53, 74.

Third, enlisting the assistance of law enforcement to accomplish a repossession constitutes a constructive use of force—which is likewise a breach of the peace. *See e.g., Albertorio-Santiago v. Reliable Fin. Services*, 612 F. Supp. 2d 159 (D. P.R. 2009) (breach of peace has occurred because presence of officer is sufficient to chill exercise of debtor's rights, and creditor must resort to judicial intervention).[4] Plaintiff's complaint affirmatively alleges that Defendant enlisted and received help of law enforcement officers to effect its illegal repossession. Doc. 1 at ¶¶ 57-61, 76.

Finally, Plaintiff's complaint alleges that despite the breach of the peace, Defendant continued with and completed the repossession after it lost the right to do so. *Id.* at ¶ 80. Thus,

---

(Cal. 1919); *Besner v. Smith*, 178 A.2d 924 (D.C. 1962); *C.I.T. Corp. v. Brewer*, 200 So. 910 (Fla. 1941); *C.I.T. Corp. v. Reeves*, 150 So. 638 (Fla. 1933); *Thrasher v. First Nat'l Bank of Miami*, 288 So. 2d 288 (Fla. Dist. Ct. App. 1974); *McDowell v. Talcott*, 183 So. 2d 592 (Fla. Dist. Ct. App. 1966); *Roach v. Barclays-American/Credit Inc.*, 298 S.E.2d 304 (Ga. Ct. App. 1982); *Nicholson's Mobile Home Sales Inc. v. Schramm*, 330 N.E.2d 785 (Ind. Ct. App. 1975); *Singer Sewing Mach. Co. v. Phipps*, 94 N.E. 793 (Ind. Ct. App. 1911); *C.F. Adams Co. v. Saunders*, 66 S.W. 815 (Ky. 1902); *Van Wren v. Flynn*, 34 La. Ann. 1158 (La. 1882); *Strahan v. Simmons*, 15 So. 2d 164 (La. Ct. App. 1943); *Carter v. Mintz & Goldblum*, 8 So. 709 (La. Ct. App. 1931); *Bettis v. Singer Sewing Mach. Co*., 10 Pelt. 273 (La. Ct. App. 1913); *Lambert v. Robinson*, 37 N.E. 753 (Mass. 1894); *Drury v. Hervey*, 126 Mass. 519 (1879); *Levi v. Brooks*, 121 Mass. 501 (1877); *Witcuke v. Presque Isle Bank*, 243 N.W.2d 907 (Mich. Ct. App. 1976) (bank liable for battery on debtor by its repossessing agent); *Kirkwood v. Hickman*, 78 So. 2d 351 (Miss. 1955); *Spangler-Bowers v. Benton*, 83 S.W.2d 170 (Mo. Ct. App. 1935); *Bordeauz v. Hartman Furniture & Carpet Co*., 91 S.W. 1020 (Mo. Ct. App. 1905); *Peddie v. Gally*, 95 N.Y.S. 652 (N.Y. App. Div. 1905); *Regg v. Buckley-Newhall Co.*, 130 N.Y.S. 172 (N.Y. Sup. Ct. 1911); *O'Connell v. Samuel*, 30 N.Y.S. 889 (N.Y. Sup. Ct. 1894); *Lamb v. Woodry*, 58 P.2d 1257 (Or. 1936); *Reight v. Hamburger*, 81 Pa. Super. Ct. 571 (1923); *Harris Truck & Trailer Sales v. Foote*, 436 S.W.2d 460 (Tenn. Ct. App. 1968); *Gerstein v. C.F. Adams Co.*, 173 N.W. 209 (Wis. 1919).

[4] *See also In re MacLeod*, 118 B.R. 1 (Bankr. D.N.H. 1990) (off-duty police restrained debtor from objecting; held to violate U.C.C. § 9-503); *Walker v. Walthall*, 588 P.2d 863 (Ariz. Ct. App. 1978); *Dolphin Truck Leasing v. Gen. Motors Acceptance Corp.*, 340 So. 2d 1278 (Fla. Dist. Ct. App. 1977); *Fulton v. Anchor Sav. Bank*, 452 S.E.2d 208 (Ga. Ct. App. 1994) (police order to give up car precludes voluntary surrender); *Firebaugh v. Gunther*, 233 P. 460 (Okla. 1925); *Harris v. Cantwell*, 614 P.2d 124 (Or. Ct. App. 1980); *Stone Mach. Co. v. Kessler*, 1 Wash. App. 750, 757, 463 P.2d 651, 655 (1970)

Plaintiff's complaint alleges that Defendant took non-judicial action to effect the dispossession of Plaintiff's Vehicle when not right to immediate possession existed and when the Vehicle was exempt by law from dispossession. Therefore, his complaint states a claim under § 1692f(6) of the FDCPA.

### C. Plaintiff's complaint states a claim under the TEX. FIN. CODE §§ 392.301(a)(1) and (8).

The Texas Debt Collection Act ("TDCA") bars collectors from using or threatening to use violence or other criminal means to cause harm to cause harm to a debtor. TEX. FIN. CODE § 392.301(a)(1). Likewise, the TDCA bars those collecting debts from threatening to take and taking actions prohibited by law in connection with the collection of an alleged debt. TEX. FIN. CODE § 392.301(a)(8).

As explained above, Defendant breached the peace during its repossession. Thus, its repossession was illegal under Texas law. TEX. BUS. COMM. CODE § 9.609(b)(2) (allowing self-help repossession if no breach of peace occurs). Because Defendant threatened to continue the repossession after it had lost the right to do so, and in fact continued the repossession, it threatened to take and took illegal action collect a debt in violation of § 392.301(a)(8) of the TDCA.

Likewise, as explained above, Defendant used violence during its repossession, and stole Plaintiff's tools after the vehicle was repossessed. Doc. 1 at ¶¶ 53, 74, 63-66  Thus, Defendant also used criminal means to harm Plaintiff in violation of § 392.301(a)(1) of the TDCA.

### D. Plaintiff's complaint states a claim for battery.

Under Texas law, the elements of battery are: (1) a harmful or offensive contact; (2) with a plaintiff's person. *Doe v. Beaumont I.S.D.*, 8 F. Supp. 2d 596, 616 (E.D. Tex. 1998) (citing *Price v. Short*, 931 S.W.2d 677, 687 (Tex. App.—Dallas 1996, n.w.h.); *Fisher v. Carrousel Motor Hotel, Inc.,* 424 S.W.2d 627 (Tex. 1967). "[A]ctual physical contact is not necessary to constitute a

10

battery, so long as there is contact with clothing or an object closely identified with the body." *Fisher v. Carrousel Motor Hotel, Inc.*, 424 S.W.2d 627, 629 (Tex. 1967).

Texas courts have found that a person's connection with a vehicle is sufficiently close so that contact with a vehicle is the same as contact with that person's body for the purposes of battery claims. *See City of Fort Worth v. Deal*, 552 S.W.3d 366, 372 (Tex. App. 2018), *reh'g denied* (July 12, 2018), *review denied* (Oct. 26, 2018) ("Easily, Lange had such a close connection with his vehicle that the indirect, offensive contact [with] the vehicle was sufficient to constitute contact with Lange's person.") (collecting cases from around the country). Thus, a repossession agent lifting a vehicle while it is occupied constitutes a battery under Texas law. *Thomas v. Gm Fin. Co.*, No. 5:19-CV-1418-DAE, 2020 U.S. Dist. LEXIS 251643, at *7 (W.D. Tex. July 13, 2020) (allegation that repossession agent lifted and moved vehicle while it was occupied was battery under Texas law).

Here, Plaintiff's complaint affirmatively alleges that Defendant lifted the Vehicle while he and his infant son occupied it. Doc. 1 at 53, 74. Thus, it states a claim for battery under Texas law. *Thomas*, 2020 U.S. Dist. LEXIS 251643, at *7.

**E.    Plaintiff's complaint states a claim for conversion.**

Conversion is the unauthorized and unlawful assumption and exercise of dominion and control over the personal property of another which is to the exclusion of, or inconsistent with, the owner's rights. *Whitaker v. Bank of El Paso*, 850 S.W.2d 757, 760 (Tex. App. 1993); *Waisath v. Lack's Stores, Inc.,* 474 S.W.2d 444, 446 (Tex. 1971); *Beam v. Voss,* 568 S.W.2d 413, 420–21 (Tex. Civ. App.—San Antonio 1978, no writ). The elements of a conversion claim are (1) the plaintiff owned or had possession of the property or entitlement to possession; (2) the defendant unlawfully and without authorization assumed and exercised control over the property to the

11

exclusion of, or inconsistent with, the plaintiff's rights as an owner; (3) the plaintiff demanded return of the property; and (4) the defendant refused to return the property. *Stroud Prod., L.L.C. v. Hosford*, 405 S.W.3d 794, 811 (Tex. App. 2013); *Khorshid, Inc. v. Christian,* 257 S.W.3d 748, 759 (Tex. App.-Dallas 2008, no pet.). However, demand and refusal are not necessary, however, when the possessor's acts manifest a clear repudiation of the plaintiff's rights. *Loomis v. Sharp,* 519 S.W.2d 955, 958 (Tex. Civ. App.—Texarkana 1975, *writ dism'd*).

Here, Plaintiff's complaint alleges that the Vehicle contained essentially all of his possessions when Defendant took it, that many of his tools were not returned to him, and that they were thus stolen by Defendant. Doc. 1 at ¶¶ 61-66. Accordingly, his complaint states a claim for conversion.

### III.     Plaintiff is entitled to statutory damages under the FDCPA in the amount of $1,000.00.

The FDCPA entitles a successful plaintiff to statutory damages of up to $1,000.00. 15 U.S.C. § 1692k(a)(2). Because Defendant violated the FDCPA, Plaintiff is entitled to statutory damages in the amount of $1,000.00.

### IV.     Plaintiff is entitled to his attorney's fees and costs in the amount of $10,142.00.

Both the FDCPA and the TDCA entitle a successful plaintiff to recover his attorney's fees and costs. *See* 15 U.S.C. § 1692k(a)(3); Tex. Fin. Code § 392.403(b) *see also Supler v. FKAACS, Inc.*, No. 5:11-CV-229-FL, 2013 U.S. Dist. LEXIS 178101, at *4 (E.D.N.C. Dec. 18, 2013) (quoting 15 U.S.C.§ 1692k(a)(3)); *Lee v. Thomas & Thomas*, 109 F.3d 302, 307 n.8 (6th Cir. 1997); *Tolentino v. Friedman*, 46 F.3d 645, 651 (7th Cir. 1995) (fee shifting is mandatory under the FDCPA because Congress "chose a 'private attorney general' approach to assume enforcement of the [statute]") *see also Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) ("The FDCPA's statutory language makes an award of fees mandatory."); *French v. Corp.*

12

*Receivables, Inc.*, 489 F.3d 402, 403 (1st Cir. 2007) ("An award of attorney's fees to successful plaintiffs under the FDCPA is obligatory."); *Carroll v. Wolpoff & Abramson*, 53 F.3d 626, 628 (4th Cir. 1995) ("[T]he fee award under § 1692k is mandatory in all but the most unusual circumstances."); *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991) ("Given the structure of [the FDCPA], attorney's fees should not be construed as a special or discretionary remedy; rather, the Act mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general."); *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 28 (2d Cir. 1989) ("Because the FDCPA was violated, however, the statute requires the award of costs and a reasonable attorney's fee.").

Awards of reasonable attorney's fees under federal statutes that include fee-shifting provisions "are not conditioned upon and need not be proportionate to an award of money damages." *City of Riverside v. Rivera,* 477 U.S. 561, 576 (1986); *see also Purtle v. Eldridge Auto Sales, Inc.*, 91 F.3d 797, 802 (6th Cir. 1996) ("The attorney's fees are not limited by the amount of Purtle's recovery.")

Here, Plaintiff requests attorney's fees in the amount of $9,500.00 and costs in the amount of $642.00 based on the affidavit of counsel, Russell S. Thompson, IV. *See* Exhibit A.

WHEREFORE, Mr. Bruner respectfully requests that the Court enter default judgment against SCAR as follows:

1. Awarding Plaintiff statutory damages in the amount of $1,000 pursuant to the FDCPA;

2. Awarding Plaintiff injunctive relief in the form of an order barring Defendant from undertaking repossessions when a breach of the peace has occurred;

3. Awarding Plaintiff his attorney's fees and costs in the amount of $10,142; and

    4.    Awarding Plaintiff pre-judgment and post-judgment interest as permissible by the law.

Dated: February 1, 2022

        Respectfully submitted,

        /s/ Russell S. Thompson IV
        Russell S. Thompson IV
        Southern District Bar # 1572841
        Thompson Consumer Law Group, PC
        11445 E Via Linda, Ste. 2 #492
        Scottsdale, AZ 85259
        Telephone:    602-388-8898
        Facsimile:    866-317-2674
        rthompson@ThompsonConsumerLaw.com

        Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I certify that on February 1, 2022, I filed the foregoing document with the Court using CM/ECF, which will send notification of such filing to all counsel of record. Moreover, Plaintiff served this motion on Defendant Ryan Peck via certified mail, return receipt requested to:

Ryan Peck DBA Superior Auto Recovery
P.O. Box 270926
Corpus Christi, TX 78427

        s/Russell S. Thompson, IV
        Russell S. Thompson, IV